UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEAN HENNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-584-G |
| | ) |
| STATE OF OKLAHOMA, Chief | ) |
| Executive Officer (Governor) et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Dean Henning, appearing pro se, initiated this civil lawsuit on May 30, 2025, bringing claims against ten Defendants. *See* Compl. (Doc. No. 1). Now before the Court is Plaintiff's First Emergency Motion (Doc. No. 3), filed that same date. Plaintiff seeks emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure in the form of the return of his three minor daughters, who, he represents, have been removed from his custody based on fraudulent allegations made by personnel at the Oklahoma Department of Human Services. *See id.* at 1-2. To this end, Plaintiff requests a temporary restraining order directing immediate suspension of the state-court order that effectuated the removal of his children, as well as protection of his rights and financial assistance to support his children during the pendency of this litigation. *See id.* at 2-3.

Also before the Court is Plaintiff's Second Emergency Motion (Doc. No. 5), filed June 9, 2025. Plaintiff seeks, under Rule 65, to restrain multiple individuals and entities from engaging in retaliatory conduct alleged to have occurred since Plaintiff filed this federal action. *See id.* at 4-5. Plaintiff also asks for "a stay or federal consolidation" of

several ongoing state-court proceedings.  *Id.* at 5-6.

As support for his requests, Plaintiff has filed a sealed Second Supplemental Declaration (Doc. No. 11), containing additional allegations against the current guardian of his daughters, and a letter titled "Affidavit of a Father" (Doc. No. 8) that reiterates his request to have his daughters returned.  Plaintiff also has submitted a First Supplemental Declaration (Doc. No. 10) presenting additional facts and "legal maxims" in support of his request for equitable relief.  Plaintiff attaches a document that he represents he attempted to file in his ongoing state proceedings.  *See id.* Ex. 1 (Doc. No. 10-1).

## I.   Standards of Review

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.  Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted).  These four requirements apply equally to a request for a temporary restraining order (or "TRO").  *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *United States v. Terry*, No. CIV-19-250-SLP, 2019 WL 7753271, at *1 (W.D. Okla. Mar. 26, 2019).

Plaintiff's requests for a TRO are also governed by Rule 65 of the Federal Rules of Civil Procedure.  Rule 65(b)(1) prescribes that the Court may enter a temporary restraining order without notice to the adverse party or its attorney only if (1) "specific facts in an

2

affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B).

## II. *Plaintiff fails to comply with the procedural requirements of Rule 65(b)(1)*

Although Plaintiff submitted certified mail receipts reflecting his attempts to serve the Complaint, *see* Compl. Ex. 7 (Doc. No. 1-7), Plaintiff has not described "any efforts made to give notice" of *the Emergency Motions* to Defendants or identified any reasons why such notice "should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff's TRO requests thus do not provide the requisite certification for issuance of such ex parte orders. *See id.*; *Com. Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) ("Rule 65 must be strictly complied with."); *Robinson v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL 1387790, at *1 (W.D. Okla. May 13, 2025) (applying the requirements of Rule 65(b)(1) to a pro se plaintiff). And, while the Complaint, First Emergency Motion, and First Supplemental Declaration satisfy the verification requirement of Rule 65(b)(1)(A), *see* Compl. at 17-18; Pl.'s First Emergency Mot. at 4; Pl.'s First Suppl. Decl. at 1, the Second Emergency Motion, Letter of June 16, 2025, and Second Supplemental Declaration do not.

Plaintiff has not satisfied the requirements of Rule 65(b)(1), "thus making the issuance of a TRO without notice improper." *Robinson*, 2025 WL 1387790, at *1.

## III. *Plaintiff fails to show entitlement to a TRO*

Even if procedurally proper, the Emergency Motions would be subject to denial due

3

to Plaintiff's failure to show a "right to relief [that is] clear and unequivocal," as required to justify issuance of the "extraordinary remedy" of injunctive relief. *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (internal quotation marks omitted).

Plaintiff seeks to have this Court review a state-court child custody proceeding and seeks a forum to raise constitutional challenges to that proceeding. *See* Compl. at 11-13. Plaintiff also requests that the Court suspend the state-court order that removed his children from his custody. *See* Pl.'s First Emergency Mot. at 3. And Plaintiff requests that the Court intervene in multiple state-court criminal proceedings that appear to be ongoing. *See* Pl.'s Second Emergency Mot. at 5.

Absent circumstances not reasonably reflected in the current record, Plaintiff is precluded from using this Court to challenge ongoing state-court proceedings. *See Weitzel v. Div. of Occupational & Pro. Licensing of the Dep't of Com. of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (noting that, under *Younger v. Harris*, 401 U.S. 37 (1971), "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies" (internal quotation marks omitted)); *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514-15 (10th Cir. 2023) (explaining that the *Rooker-Feldman* doctrine prevents federal district courts "from exercising jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

4

and rejection of those judgments" (internal quotation marks omitted)).

In light of these significant jurisdictional flaws, Plaintiff cannot establish a "substantial likelihood of success on the merits" insofar as his federal claims challenging proceedings in or rulings of the state courts. *Dominion Video Satellite*, 269 F.3d at 1154.

## CONCLUSION

For the reasons set forth above, Plaintiff's First Emergency Motion (Doc. No. 3) and Second Emergency Motion (Doc. No. 5) are DENIED.[1]

IT IS SO ORDERED this 23rd day of June, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] In his Second Supplemental Declaration, Plaintiff requests the issuance of subpoenas duces tecum to two defendants, the issuance of an order to have the file of the ongoing state-court custody proceedings transferred to this Court, and leave to submit an audio recording under seal. *See* Pl.'s Second Suppl. Decl. at 1-2. These requests are DENIED without prejudice to being reurged. Plaintiff has provided no explanation how such relief would affect his TRO requests and, even assuming the information elicited would support the requests, such information does not reasonably appear material to the Court's finding that Plaintiff failed to comply with procedural requirements or its conclusion that Plaintiff is not substantially likely to succeed on the merits of his legal claims.