# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEAN HENNING,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-25-584-G |
| | ) |
| **STATE OF OKLAHOMA, Chief** | ) |
| **Executive Officer (Governor) et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Plaintiff Dean Henning has requested that several of his recent submissions be filed with the Court under seal or, in some instances, ex parte. *See* Pl.'s Letter of June 13, 2025 (Doc. No. 7) at 1; Pl.'s Letter of June 16, 2025 (Doc. No. 8) at 1; Pl.'s First Suppl. Decl. (Doc. No. 10) at 4; Pl.'s Second Suppl. Decl. (Doc. No. 11) at 1.

Federal Rule of Civil Procedure 5.2 directs how parties are to present certain categories of personally identifiable information, including social security numbers, dates of birth, and the names of minors, in documents and exhibits filed with the Court. *See* Fed. R. Civ. P. 5.2(a). A party filing a document that includes these types of identifying information is required to redact the filing in accordance with the Rule. *See id.* R. 5.2(a)(1)-(4). Alternatively, an unredacted copy of the document may be filed under seal. *See id.* R. 5.2(d). The Court's local rule prescribes that "[l]eave of court is required to file a document or portion of a document under seal" and that leave of court "shall be requested by filing a motion" requesting permission to file the document under seal. *See* LCvR 5.2.2.

Plaintiff did not seek leave to file any of the documents referenced above under seal

prior to filing. Plaintiff's Second Supplemental Declaration (Doc. No. 11) has been placed under seal based upon review by the Clerk of Court. A review of other documents filed in this matter reflects that information for which redaction is required by Rule 5.2(a) has been included in Plaintiff's filings. Because the following documents contain unredacted information other than Plaintiff's own, the Court DIRECTS the Clerk of Court to place the following documents under seal: Exhibits 2, 4, and 5 to the Complaint (Doc. Nos. 1-2, 1-4, 1-5); and Plaintiff's Amended Application to Proceed *In Forma Pauperis* (Doc. No. 9). *See* Fed. R. Civ. P. 5.2(d), (h).

Plaintiff is ADVISED that all other documents filed in this case are currently accessible on the public docket in this matter. Plaintiff is further ADVISED that he may request to have case documents placed under seal by filing a written motion with the Court.

IT IS ORDERED that, for any future filings containing personally identifiable information, Plaintiff must either properly redact the information or seek leave to file the document under seal in accordance with the Federal Rules of Civil Procedure and this Court's Local Civil Rules. *See* Fed. R. Civ. P. 5.2(a); LCvR 5.2.2; *see also Garrett v. Shelby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

IT IS FURTHER ORDERED that any filings by Plaintiff that represent they are "sealed in blood" or include any kind of bloody thumb- or fingerprint will be rejected by the Clerk of Court and returned to Plaintiff without being filed.

IT IS SO ORDERED this 23rd day of June, 2025.

CHARLES B. GOODWIN
United States District Judge